UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

REVOLATE HOLDINGS LLC, *et al.*,

Debtors.
---------------------------------------------------------X

Chapter 7
Case No. 13-13110 (CGM)
(Jointly Administered)

**ORDER AUTHORIZING AND APPROVING TRUSTEE'S (I) SALE OF ALL OF THE INTEREST OF THE ESTATE OF REVOLATE HOLDINGS LLC IN LIPMAN JWALK HOLDING LLC TO JWALK HOLDINGS LLC, SUBJECT TO HIGHER OR BETTER OFFERS, AND FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, IF ANY, WITH SUCH LIENS, CLAIMS AND ENCUMBRANCES TO ATTACH TO THE NET PROCEEDS OF THE PUBLIC AUCTION SALE; (II) PROPOSED DATE OF THE PUBLIC AUCTION SALE; (III) PROPOSED BIDDING PROCEDURES; AND (IV) "STALKING HORSE" PROTECTIONS PROVIDED TO JWALK HOLDINGS LLC**

Upon the motion and the amended motion and reply (collectively, the "Motion") of Gregory Messer, Esq., the Chapter 7 Trustee (the "Trustee") of the estate of Revolate Holdings LLC (the "Debtor"), by his counsel, LaMonica Herbst & Maniscalco, LLP, pursuant to, inter alia, 11 U.S.C. §§ 105(a), 363 and 704 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 9006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking the entry of an Order authorizing and approving: (i) the sale, by the Trustee, of any and all of the Debtor's estate's interest in Lipman JWalk Holding LLC ("Lipman JWalk") to JWalk Holdings LLC or its designee (the "Stalking Horse Bidder"), for the purchase price of $90,000.00 (the "Purchase Price"), "as is" and "where is," free and clear of all liens, claims, encumbrances and interests, if any, (the "Liens") with such Liens to attach to the net proceeds of sale, but subject to higher or better offers; (ii) the proposed date of the public auction sale (the "Public Sale"); (iii) the proposed bidding procedures for the Public Sale (the "Bidding Procedures"), which are annexed to this Order as Exhibit "A"; (iv) authorizing the Trustee to

provide certain "stalking horse" protections to the Stalking Horse Bidder under the terms set forth in the proposed Bidding Procedures; and (v) granting the Trustee such other, further and different relief as the Court deems just and proper; and a joint objection having been filed by Lipman Capital Trust and Lipman Capital Trust II (the "Trusts") (the "Joint Objection"); and upon the hearing held before the Court on February 6, 2014 (the "Hearing"); and LaMonica Herbst & Maniscalco, LLP having appeared on behalf of the Trustee, Hinckley, Allen & Snyder LLP having appeared on behalf of the Trusts and Shenwick & Associates having appeared on behalf of the Stalking Horse Bidder; and for the reasons set forth on the record at the Hearing, and in accordance with the terms as stated on the record at the Hearing, the transcript of which is incorporated herein by reference; and no further notice being required except as set forth herein; and due deliberation having been had and sufficient cause appearing therefor; it is hereby

**ORDERED,** that the Motion is granted to the extent set forth herein; and it is further

**ORDERED,** that the Joint Objection is overruled, and the request made therein to credit bid at the Public Sale is denied; and it is further

**ORDERED**, that all capitalized terms used but not defined herein shall be ascribed the same meaning(s) as set forth in the Motion and the Bidding Procedures, and to the extent there is any inconsistency between and/or among the Bidding Procedures, this Order and the Motion, the terms and conditions set forth in the Bidding Procedures shall control; and it is further

**ORDERED,** that the Bidding Procedures annexed as Exhibit "A" to this Order are approved, including the provisions concerning bidding protections provided to the Stalking Horse Bidder; and it is further

**ORDERED**, that the Trustee is authorized to proceed with the Public Sale of the Debtor's estate's right, title and interest in and to Lipman JWalk, "as is" and "where is," free and

clear of all liens, claims and encumbrances, if any, with such liens, claims and encumbrances to attach to the net proceeds of sale, to the same extent, with the same validity and enforceability, and in the same priority as under applicable law, but subject to higher or better offers; and it is further

**ORDERED**, that the Public Sale will be conducted on February 27, 2014, at 10:00 a.m. in Courtroom 610 at the United States Bankruptcy Court, One Bowling Green, New York, New York; and it is further

**ORDERED**, that the Sale Confirmation Hearing shall be held before the Court on March 6, 2014 at 10:00 a.m. to consider the approval of the sale of the estate's interest in Lipman JWalk to (a) the Successful Bidder and/or Backup Bidder from the Public Sale, or (b) if no Public Sale was held, the Stalking Horse Bidder; and it is further

**ORDERED**, that, if any Successful Bidder and/or Backup Bidder, or if no Public Sale is conducted then the Stalking Horse Bidder, shall fail to fully comply with the Bidding Procedures, or upon the failure to consummate the sale of the estate's interest in Lipman JWalk because of a breach or failure on the part of the Successful Bidder and/or Backup Bidder, or the Stalking Horse Bidder if no Public Sale is conducted, the Trustee is authorized to, and shall, retain the Deposit as liquidated damages, and the Backup Bidder, shall be deemed the Successful Bidder and shall consummate the sale of the estate's interest in Lipman JWalk without further Order of the Court; and it is further

**ORDERED,** that the Trustee, his professionals and/or any asserted secured creditor in relation to the sale of the estate's interest in Lipman JWalk reserve all rights with respect to claims made by the Trustee and/or his professionals, under Bankruptcy Code § 506(c), for

professional fees and costs incurred in connection with the sale of the estate's interest in Lipman JWalk; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2002 and 6004, on or before February 11, 2014, the Trustee shall serve a copy of this Order, the Bidding Procedures and the Public Sale Notice, substantially in the form annexed as Exhibit "B", by **overnight delivery or electronic mail**, upon (a) all known or asserted lien holders, (b) the Office of the United States Trustee, (c) all parties that have made written expression of interest in acquiring the Debtor's estate's assets, and (d) all parties that have filed a notice of appearance in the jointly administered cases; and it is further

**ORDERED,** that the Trustee shall cause proof of such service to be filed with the Court; and it is further

**ORDERED**, that such service as provided herein is hereby deemed due, timely, good and sufficient notice of the entry of this Bidding Procedures Order, the Public Sale, and all proceedings to be held thereon and matters related thereto; and it is further

**ORDERED**, that the Trustee and his professionals are authorized to do such things, execute such documents and expend such funds as may be reasonably necessary to effectuate the terms and conditions of this Order and the sale of the estate's interest in Lipman JWalk; and it is further

**ORDERED,** that the Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order; and it is further

**ORDERED**, that notwithstanding Bankruptcy Rule 6004(g), this Order shall not be stayed for fourteen (14) days after the entry hereof and shall be effective and enforceable immediately upon entry hereof.